Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 0063 | **DATE** | October 12, 2010 |
| **CASE TITLE** | *AMC v. Intercontinental* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, AMC's motion to alter or amend the judgment [198-1] is denied.

■[ For further details see text below.]

00:00

## STATEMENT

The court assumes familiarity with the facts and procedural history of this case, including the order entered by this court on August 10, 2010. In brief, AMC as the tenant filed a declaratory judgment action asking the court to declare that pursuant to its Lease, it is not liable to pay for heated and chilled water it uses for its HVAC system. Intercontinental as the landlord counterclaimed for breach of contract, alleging that AMC had breached its obligations under the Lease by not paying the heated and chilled water charges. After a bench trial and post-trial briefing by the parties, the court entered judgment on August 10, 2010, in favor of Intercontinental. AMC has filed a motion to alter or amend certain parts of the judgment under Fed. R. Civ. P. 59(e). For the reasons stated below, the motion is denied.

Rule 59(e) motions serve a narrow purpose and must clearly establish either: (1) a manifest error of law or fact or (2) present newly discovered evidence. *Abcarian v. McDonald*, --- F.3d ----, 2010 WL 3189153, at *10 (7th Cir. 2010); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995) (citation omitted). Here, AMC argues that the court committed legal error when it (a) awarded attorneys' fees to Intercontinental and (b) concluded that depreciation and administrative fees are part of the heated and chilled water charge.

Attorneys' Fees

In its order of August 10, 2010, the court entered judgment in favor of Intercontinental by denying AMC's claim for declaratory judgment and finding in Intercontinental's favor on its breach of contract counterclaim. The court also awarded attorneys' fees to Intercontinental pursuant to Section 37(B) of the

# STATEMENT

Lease, which states:

> In case suit shall be brought because of the breach of any agreement or obligation contained in this Lease or the Restriction Agreement on the part of Tenant or Landlord to be kept or performed, and a breach shall be established, the prevailing party shall be entitled to recover all expenses incurred in connection with such suit, including reasonable attorneys' fees.

Intercontinental notes that it sought attorneys' fees under Section 37(B) in its counterclaim, its motion for summary judgment, several versions of the pretrial order, its trial brief and its post-trial brief. In addition, in its Trial Memorandum, AMC stated:

> AMC is entitled to an award of the attorneys' fees it incurred in this litigation. Under Section 37(B) of the Lease, AMC is entitled to recover its attorneys' fees and expenses incurred in connection with this lawsuit. By demonstrating that Intercontinental was not entitled to bill a separate charged [sic] for heated and chilled water, AMC has established Intercontinental's breach of the Lease. In addition, by prevailing on Intercontinental's Counterclaim, AMC is the "prevailing party" in a breach of contract action, entitling it to an award of expenses, including reasonable attorneys' fees.

Dkt. #165, p. 14.

AMC now contends that the court erred in awarding attorneys' fees to Intercontinental because of Section 34(B), which provides:

> Notwithstanding anything to the contrary contained in paragraph (A) of this Article, with respect to any alleged default other than a default in the payment of Annual Fixed Rent (or any installment of the Restriction Payment), if within 45 days after Landlord's notice of such default, Tenant (i) notifies Landlord that Tenant disputes such alleged default, and (ii) files an action in a court of competent jurisdiction contesting such alleged default, then Tenant shall not be deemed to be in default under this Lease with respect to such alleged default, provided that if the final judgment in such action is adverse to Tenant, in whole or in part, then Tenant shall forthwith commence to correct the matters complained of by Landlord, or that portion thereof as to which such judgment is adverse to Tenant, and complete the same within 30 days after such judgment.

AMC Trial Exh. 1, Lease, p. 51 at ¶ 34(B).

According to AMC, ¶ 34(B) allows AMC to challenge the heated and chilled water charges, by way of a declaratory judgment action, without running the risk of default so long as it complied with certain notification and filing requirements.

As an initial matter, parties cannot raise in a Rule 59(e) motion arguments that should have been presented to the court prior to judgment. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813 (7th Cir. 2006)("[A] Rule 59(e) motion 'is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment.'")(citation omitted). As noted above, Intercontinental consistently indicated that it was seeking attorneys' fees under Section 37(B) as part of its counterclaim. But AMC never presented the instant theory to the court, either in its trial brief or post-trial briefing. AMC contends that it in its answer to the counterclaim, it denied that Intercontinental was entitled

to attorneys' fees, thus "it effectively raised its denial to Intercontinental's claim for relief" and "[t]he argument regarding Section 34(B) . . . was merely AMC's method of proving its prior denial." Reply at 5, Dkt. #214. While the record may contain evidence in support of such an argument, the simple truth is that AMC never made the argument to the court. AMC cannot make a general denial of a claim in an answer, not raise at trial specific grounds on which the claim should be denied, and then state in a Rule 59(e) motion that it "generally" raised the issue. It is not this court's role to note a party's general denials and then develop all legal theories that might support the denial. AMC did not raise the argument earlier and thus, it cannot do so now. The motion to alter or amend the judgment on this ground is denied.

Even if the court were to consider the argument, it would deny this basis for relief. Section 37(b), which addresses a prevailing party's entitlement to recover attorneys' fees upon an established breach of the Lease, exists separate and apart from Section 34(B). Under Section 34(B), in the event that the Landlord notifies the Tenant of a purported breach (other than the failure to pay rent or make an installment of the Restriction Payment), the Tenant may elect to file suit in court to dispute the purported default, in which event, the Tenant shall be deemed not to be in default and therefore, the Landlord would not be entitled to enlist its self-help remedies. This is all Section 34(B) provides. It in no way overrides a prevailing party's entitlement to attorneys' fees under Section 37(B) when a breach of the Lease has been established. If that were the case, then Section 37(B) would be rendered meaningless, which violates a basic principle of contract interpretation. *Board of Managers of Hidden Lake Townhome Owners Ass'n v. Green Trails Imp. Ass'n*, --- N.E.2d ----, 2010 WL 3331368, at * (Ill. App. Ct. Aug. 19, 2010)("a court will not interpret the agreement so as to nullify provisions or render them meaningless")(citation omitted).

The motion to alter or amend the judgment on the ground that Section 34(B) of the Lease precludes Intercontinental's entitlement to attorneys' fees under Section 37(B) is denied.

Depreciation and Administrative Fees

AMC next contends that the court erred in determining that AMC was responsible for the payment of depreciation costs and administrative fees as part of the heated and chilled water charges. Specifically, AMC argues that the depreciation and administrative fees are not utility charges under Section 12(A) of the Lease. While AMC seeks to frame this as a "manifest error fact," it is actually a simple assertion that the court got it wrong. "However, a Rule 59(e) motion is not meant to seek relief for a party who simply disagrees with the Court's decision." *Stanley v. Posner*, No. 09-223-DRH, 2009 WL 5033930, at *2 (S.D. Ill. Dec. 15, 2009). Thus, the motion to alter or amend on this ground is denied. In addition, the court has reviewed AMC's argument and sees no basis on which to conclude that its original decision was incorrect.

Accordingly, the motion to alter or amend on the ground that the depreciation costs and administrative fees should not be included in the heated and chilled water charge is denied.

RH/p