# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 63 | **DATE** | November 15, 2010 |
| **CASE TITLE** | *AMC v. Intercontinental* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, AMC's objections are sustained in part and overruled in part. The court awards costs to Intercontinental in the amount of $12,738.68.

■[ For further details see text below.]

00:00

## STATEMENT

After the court entered judgment in this case in its favor, Intercontinental submitted a bill of costs requesting a total of $15,809.44 for service fees ($335.00), court reporter fees ($4,277.75), fees and disbursements for printing ($177.00), witness fees ($368.01), fees for exemplification and copies ($7,997.91) and other costs ($2,653.77). AMC has filed objections to certain of the requested costs. Intercontinental has withdrawn some of its requested costs and as to the remaining costs, AMC's objections are sustained in part and overruled in part.

Federal Rule of Civil Procedure 54(d) provides that "[c]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. *See* 28 U.S.C. § 1920. The court may not tax an expense as a cost unless the specific expense is authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). "Taxing costs against the losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). While a presumption exists that the prevailing party will recover costs, *see Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005), "[d]istrict courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F .3d 926, 945 (7th Cir. 1997).

With these parameters in mind, the court addresses AMC's objections.

| STATEMENT |
|---|

1. Transcript costs

AMC acknowledges that transcript costs are recoverable under § 1920, but contends that Intercontinental has included charges that are not recoverable, such as those related to ASCII discs, extra copies and delivery costs. Intercontinental states that it withdraws its request for $180 of ASCII discs, $40 of delivery charges and $20 of word index charges.

AMC also objects to the $336.65 cost of exhibits copied and attached by the court reporters. Such costs are recoverable if the exhibits are "essential to understanding an issue in the case." *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002) (citation omitted). Having ruled on several substantive motions in this case and presided over the bench trial, the court concludes that exhibits were essential to understanding the contract issues in this case. Accordingly, the court allows this cost.

2. Printing charges

Intercontinental withdraws its request for $177 of printing charges; therefore, the court need not address AMC's objection to this cost.

3. Other costs

AMC also objects to courier costs of $311.29, attorney travel costs of $602.52, and telephone costs of $1,739.95. As an initial matter, Intercontinental withdraws its request for attorney travel costs. As to courier costs of $311.29, Intercontinental asserts that the costs it incurred to have its trial binders and exhibits delivered to and from the courthouse for trial are recoverable. The court acknowledges that Intercontinental cites a Seventh Circuit case that allowed for the recovery of delivery charges. *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699 (7th Cir. 2008). However, in *Little*, the Seventh Circuit concluded without explanation that delivery charges (grouped with several other charges) were "authorized by § 1920." *Id*. at 701. Nevertheless, the court's review of § 1920 fails to indicate that delivery charges are included in the statute. In light of long-standing precedent that only costs authorized by the statute are allowed, the court declines to allow Intercontinental to recover delivery costs.

AMC also objects to Intercontinental's request for $1,739.95 of telephone costs. Again, Intercontinental cites to a Seventh Circuit case allowing telephone charges, *Burda v. M. Ecker Co.*, 2 F.3d 769 (7th Cir. 1993), that decision does not specifically address telephone charges and only generally refers to them as recoverable. *Id*. at 778 ("Contrary to appellants' unsupported allegations, the $505.75 in costs incurred by M. Ecker were fully documented and represented amounts spent for filing fees, photocopying, postage, telephone and delivery charges, and computerized legal research, all of which are properly recoverable by a prevailing party."). However, the court declines to allow the telephone costs as they are not specifically authorized by statute. *Republic Tobacco Co.,* 481 F.3d at 447.

In sum, Intercontinental initially requested $15,809.44 in costs. Intercontinental withdraws $1,019.52 of requested costs, and the court disallows $311.29 of delivery fees and $1,739.95 of telephone costs. Therefore, the court grants Intercontinental's bill of costs in the amount of $12,738.68.

RH/p